

RECEIVED

DEC 1 0 2007

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:07-cr-041 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | PLEA AGREEMENT OF |
| VINER'S, INC., | ) | VINER'S, INC. |
| WILLIAM "BUD" VINER, and | ) | |
| LLOYD BLANK, | ) | |
| | ) | |
| Defendants. | ) | |

IT IS HEREBY AGREED by and between the Plaintiff, the United States of America,

and the Defendant, Viner's, Inc., with its attorney, Guy Cook, as follows:

## A. CHARGES

**1.** **Subject Offense.** Defendant Viner's, Inc. will plead guilty to Count 1 of the

Indictment filed July 10, 2007, charging a violation of Title 18, United States Code, Section

371, namely conspiracy to commit Social Security fraud.

**2.** **Charges Being Dismissed.** Should the Defendant abide by all the terms and

conditions of this plea agreement, the Plaintiff will move, at sentencing, to dismiss Counts

Two and Three (Mail Fraud).

**3.** **No Further Prosecution.** The United States of America agrees that the

Defendant will not be charged in the Southern District of Iowa with any other federal

criminal offenses under Titles 18 and 42, now known by the Government to be directly

related to this investigation, except for crimes of violence.

## B.  CONSEQUENCES OF PLEA

4.      **Maximum Punishment.**  Count 1 is punishable by a  maximum fine of not more than $500,000.00, restitution, a special assessment of $400.00, and forfeiture.

## C.  SENTENCING CONSIDERATIONS

5.      **Sentencing Guidelines - Factors**.  The sentence to be imposed is solely within the District Court's discretion, as limited and guided by the United States Sentencing Commission Guidelines, which apply in an advisory capacity to the sentencing.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to, the following:

a.      The base offense level under the appropriate Guideline, which the Government agrees to recommend as U.S.S.G. § 2B1.1;

b.      The amount of loss, under U.S.S.G. § 2B1.1(b)(1), which the parties agree is over $70,000, but less than $120,000;

c.      The Defendant's acceptance of responsibility, under U.S.S.G. § 3E1.1(a); and

d.      criminal history (prior convictions).

6.      **No Promises, Other Than Recommendation For Low End Of The Applicable Guidelines Range.**  The United States makes no representations or promises as to the sentence to be imposed, as this is solely within the District Court's discretion, except for its representation that it will recommend a sentence at the low of the applicable Guidelines range, unless the Defendant does not fully accept responsibility or other adverse information not currently known to the undersigned prosecutor comes to the

Government's attention prior to sentencing. Although the parties may have discussed the possibilities of various factors having an impact on the sentence and the possibility of a certain sentencing range, the parties agree that no discussion resulted in any express or implied promise or guarantee concerning the actual sentence to be imposed.

7.    **No Right to Withdraw Plea.** The Defendant understands that it will have no right to withdraw its plea if the sentence imposed is other than what it anticipated. The parties understand the Court may defer its decision to accept the plea until there has been an opportunity to review a pre-sentence investigation report.

8.    **Evidence at Sentencing.** The Defendant, the Defendant's attorney, and the Plaintiff's attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a pre-sentence report.

9.    **Mandatory Restitution.** Pursuant to 18 U.S.C. § 3663A(a)(1) and (c)(1)(B), the Defendant acknowledges that payment of restitution in this case is mandatory, and it agrees to pay restitution in full to the Social Security Administration, though the Clerk of this court, on or before the date of sentencing. The criminal restitution judgment against the Defendant is joint and several with the judgment entered against co-conspirators Dick and Barbara Colvin and William "Bud" Viner, and any amount paid by them has been, and

3

will be, credited against the total owed.

10.     **Fines/Costs.**  Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

11.     **Special Assessment.** The Defendant agrees to pay to the United States a special assessment of $400.00 per count, as required by Title 18, United States Code § 3013. The Defendant agrees to make such payment (by cashiers check or money order payable to "Clerk, U.S. District Court") within two weeks (14 days) of the execution of this agreement.

## D.  GENERAL MATTERS

12.     **Voluntariness of Plea.**  The Defendant acknowledges that it is entering into this plea agreement and is pleading guilty because the Defendant is guilty. The Defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and the Defendant (other than those described in this plea agreement), without promise of benefit of any kind (other than any concessions contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. The Defendant further acknowledges that the Defendant understands the nature of the offenses to which the Defendant is pleading guilty, including the penalties provided by law.

13.     **Limited Scope of Agreement.** This agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute the Defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the Government from pursuing any civil or administrative matters against the Defendant, including, but not limited to, civil tax matters and civil forfeiture, which arise from, or are related to, the facts upon which this investigation is based.

14.     **Entire Agreement.** This plea agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the Defendant by the United States or by its agents.

15.     **Factual Stipulations.** Attached hereto as Attachment "A" and incorporated by reference herein are factual stipulations entered into between the parties, including the factual stipulations of the Defendant's offense conduct relating to each subject offense. The parties agree that the court can rely upon these stipulations for any purpose, including to support the plea and sentencing.

16.     **Use of Information.** If the Defendant breaches the terms and conditions of this agreement, or is allowed to withdraw its guilty plea for any reason, the Government is free to use Attachment "A" of this agreement against the Defendant. Attachment "A" may be used against the Defendant in any criminal prosecution including prosecutions of the instant offense, perjury, obstruction of justice, or other applicable criminal prosecution relating to the giving of a false statement.

5

**17.** **Venue.** Defendant agrees that the offense conduct relating to the subject offenses were committed, in whole or in part, in the Southern District of Iowa, and that the U.S. District Court, Southern District of Iowa, has proper venue of this agreement.

**18.** **Public Interest.** The Plaintiff and Defendant state this plea agreement is in the public interest, takes into account the benefit to the public of a prompt and certain disposition of the case, furnishes adequate protection to the public interest, is in keeping with the gravity of the offense, and promotes respect for the law.

## E. FORFEITURE

**19.** **Consent to forfeit.** The Defendant agrees to entry of a forfeiture money judgment against it in the amount of the proceeds of the offense. The Defendant hereby waives any and all constitutional, statutory, common law, equitable, procedural, or regulatory defenses to the forfeiture. The Government shall not collect the forfeiture money judgment if restitution is paid. If restitution is not timely paid, the Government shall be free to exercise all of its collection remedies under applicable federal law.

## F. LIMITED WAIVER OF APPEAL AND § 2255

**20.** **Limited Waiver of Appeal Rights.** The Defendant hereby knowingly and expressly waives any and all rights to appeal its conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges or to the Court's entry of Judgment against Defendant, and any and all issues inhering therein, but preserves its right to appeal its sentence to the extent authorized by 18 U.S.C. § 3742.

6

21.    **Limited Waiver of Post-Conviction Review.**   The Defendant further knowingly and expressly waives any and all rights to contest the Defendant's conviction of the subject charges in any post-conviction proceedings, including a proceeding under Title 28 U.S.C. § 2255, subject to the following exception:

> The right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim are not known to the Defendant, or not reasonably knowable by the Defendant, at the time the Defendant enters a plea pursuant to this plea agreement.

22.    **Execution/Effective Date.**  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below. The United States Attorney's Office may withdraw this plea agreement offer at any time prior to its timely acceptance by Defendant.  For Defendant to have timely accepted this plea agreement offer, Defendant and the Defendant's attorney must have properly executed the Plea Agreement and Attachment A (Stipulation of Facts), and the Office of the United States Attorney for the Southern District of Iowa must have received delivery of said properly executed documents by 5:00 p.m. on December 6, 2007.  Should this offer of a Plea Agreement not have properly and timely been accepted by Defendant by 5:00 p.m. on December 6, 2007, this offer is automatically withdrawn without further notice to Defendant.

The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.

## F.  SIGNATURES

**23.  Defendant**.  I have read all of this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will.  No promises have been made to me other than the promises in this plea agreement. I have not been threatened in any way to get me to enter into this plea agreement. I am satisfied with the services of my attorney with regard to this plea agreement and other matters associated with this case. I am entering into this plea agreement and will enter my plea of guilty under this agreement because I committed the crime to which I am pleading guilty.

$\underline{12/10/07}$
Date

$\underline{\text{Viner's, Inc., Defendant}}$

By: _____

Title: _____

**24.  Defendant's Attorney.**  I have read this plea agreement and have discussed its entirety with my client. There is no plea agreement other than the agreement set forth in this writing. My client fully understands this plea agreement.  I am satisfied my client is capable of entering into this plea agreement, and does so voluntarily of the Defendant's

own free will, and without any coercion or compulsion.  I believe there is a factual basis for

the plea and concur in my client entering into this plea agreement and in entering a plea

of guilty pursuant to the plea agreement.

_12/10/07_
Date

Guy Cook
Attorney for Defendant

25.    **United States of America**.

Matthew G. Whitaker
United States Attorney

Date: _12/10/07_                      By: _____

Craig Peyton Gaumer
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 284-6311
Fax: (515) 284-6492
Email: craig.gaumer@usdoj.gov

## ATTACHMENT A

## STIPULATION OF FACTS

COMES NOW the undersigned Assistant United States Attorney for and on behalf of the United States of America, Plaintiff in the above-captioned matter, Defendant Viner's, Inc., and Defendant's attorney, Guy Cook, and hereby stipulate and agree that the following facts are true and correct and may be used by the Court to establish a factual basis for the plea of guilty to be entered by Defendant pursuant to the plea agreement, and for purposes of sentencing:

At times material to this Indictment:

1.      Defendant VINER'S, INC. was an Iowa Corporation, with its principal place of business located in Emerson, Iowa.

2.      The Defendant VINER'S, INC. was, and is, a business engaged in commercial trucking and operated a fleet of approximately 20 trucks.

3.      Defendant WILLIAM "BUD" VINER was the majority stockholder of Defendant VINER'S, INC., was on the Board of Directors for the corporation, and was an employee of the corporation.

4.      Defendant  LLOYD BLANK was the operations manager of Defendant VINER'S, INC.

5.      Dick Colvin was an employee of Defendant VINER'S, INC., who was injured while on a trucking job in approximately 1988, and thereafter started to collect Social Security benefits. Barbara Colvin was his wife.

10

6.      Connie Viner-Blank was the president of Defendant VINER'S, INC.

7.      Lora Fritz was an employee who ran the payroll, and performed other office duties, Defendant VINER'S, INC.

8.      From in or about March 1996 and continuing until on or about January 2004, in the Southern District of Iowa and elsewhere, the Defendants VINER'S, INC., WILLIAM "BUD" VINER, and others did unlawfully, willfully, and knowingly conspire to commit an offense against the United States; that is, social security fraud, in violation of Title 42, United States Code, Section 408(a)(3) and (a)(4).

9.      Defendant WILLIAM "BUD" VINER directed that Defendant VINER'S, INC. hire Dick Colvin as a truck driver, but directed that corporate records be falsified to make it appear as if his wife, Barbara Colvin, and not Dick, worked for the corporation.

10.     Thereafter, Dick Colvin continued to represent to the Social Security Administration during the time he was employed by Defendant VINER'S, INC. that he was unable to be employed due to a disability. As a result, Dick Colvin continued to receive social security benefits to which he was not entitled.

11.     Defendant VINER'S, INC. compensated Dick Colvin for his work by issuing checks in the name of Barbara Colvin, his wife, to conceal the fact of Dick Colvin's employment.

12.     WILLIAM "BUD" VINER, and others, at various times and through various means, caused the records of Defendant VINER'S, INC., including pay checks and records submitted to the Social Security Administration and others, to conceal the fact that Dick

11

Colvin was an employee of VINER'S, INC. and was fraudulently being paid for his trucking services under the name of his wife, Barbara Colvin.

13.     By the foregoing actions, and others, the Defendants VINER'S, INC., WILLIAM "BUD" VINER, and others concealed from the Social Security Administration, an agency of the United States of America, the fact that Dick Colvin was employed while he was receiving disability benefits, and kept the Social Security Administration from reducing or discontinuing Dick Colvin's social security benefits because of his employment, thereby resulting in payments to Dick Colvin in excess of $96,000 to which he was not entitled.

14.     In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of Iowa and elsewhere:

  a.     In or around March 1996, Defendant WILLIAM "BUD" VINER directed Lora Fritz, who handled the payroll for Defendant VINER'S, INC. to hire Dick Colvin and set up the payroll so that Dick Colvin was paid in the name of his wife, Barbara.

  b.     Beginning in or around March 1996 and continuing thereafter until approximately January 2004, Defendant VINER'S, INC., and others approved and/or issued payroll checks to the order of "Barbara E. Colvin" as compensation to Dick Colvin for the work he performed for Defendant VINER'S, INC.

  c.     Beginning in or around March 1996 and continuing thereafter until approximately January 2004, Defendant VINER'S, INC. through its officers, agents, and employees, submitted W-2 forms to the Social Security Administration, which falsely represented that Barbara Colvin was an

employee of Defendant VINER'S, INC. and which thereby concealed from the Social Security Administration that it was Dick Colvin who was so-employed.

d.   On or about November 23, 2003, Defendant LLOYD BLANK and Lora Fritz presented a false lease to an agent of the Social Security Administration and falsely represented that it was legitimate.

15.   All of the foregoing acts occurred in the Southern District of Iowa.

12/10/07
Date

12/10/07
Date

12/10/07
Date


Viner's, Inc., Defendant

By: _____

Title: _____

Guy Cook
Attorney for Defendant

Craig Peyton Gaumer
Assistant U.S. Attorney

13